JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Lisa Fluellen, appeals the judgment of the Cleveland Municipal Court, which adopted the magistrate's report finding her liable for fraudulent misrepresentation in the sale of her condominium unit and awarded plaintiff-appellee, Elizabeth McClintock, $2,447 in damages. For the reasons that follow, we affirm.
 FACTS AND PROCEDURAL HISTORY {¶ 2} The record reflects that McClintock filed her small claims complaint in July 2002, alleging that Fluellen purposely failed to advise her of mechanical problems with the heating, ventilation and air conditioning unit (HVAC unit) in the condominium she purchased from Fluellen in January 2002. Trial commenced before a magistrate, who subsequently issued his report finding Fluellen liable. The trial court overruled Fluellen's objections to the report and adopted the magistrate's report.
 {¶ 3} In his report, the magistrate found that Fluellen had originally purchased her condominium, located in the Sutton Court condominium complex, in 1995. She lived there for several years but eventually moved to Michigan. From January 2000 until December 2001, Fluellen rented the condominium to a tenant. Fluellen paid for several repairs to the HVAC unit during the two years she rented out the condominium. In December 2000, a repairman named Arnie installed a new ignition system in the unit; in August 2001, after Fluellen's tenant complained that the unit was not producing cool air, Arnie replaced the condenser and recharged the air conditioning unit; and in November 2001, Arnie removed a wasp's nest from the unit, replaced the sail switch and ran the unit through several cycles to ensure that it was working properly.
 {¶ 4} The magistrate further found that in September 2001, the president of the Sutton Court Condominium Owner's Association sent a letter to Fluellen, advising her that the board had received complaints about excessive noise coming from her HVAC unit and requesting that she "immediately have [her] air conditioning unit repaired to resolve this annoying and aggravating noise problem." Fluellen did not deny receiving this letter.
 {¶ 5} Kathy Barry, a member of the Board of Managers of the Sutton Court Condominium Owner's Association in the Fall of 2001, testified that she was present at the annual General Meeting of the Association on October 9, 2001, and that the minutes of such meetings are regularly taken and distributed thereafter to members. Barry testified further that the meeting minutes were sent to Fluellen in October, 2001, after the meeting. Fluellen did not deny receiving the minutes. The magistrate admitted the minutes from this meeting over the objection of defense counsel.
 {¶ 6} The October 9, 2001 meeting minutes stated that Steve Niarhos, the owner of Unit 31, attended the meeting and had a proxy for Fluellen. In addition, the minutes stated:
 {¶ 7} "Issue raised regarding the loud air conditioner for Unit 32. Bill Prescott, President, indicated that a letter had been written to the unit owner and the response was a very scathing voice mail to him and acknowledgment that Steve Niarhos knew of the problem. Unit owner is responsible for fixing the air conditioner. Gail Kitner indicated that she had spoken to [the] woman renting the unit who had stayed with friends since the air conditioner was not working and that Lisa Fluellen, unit owner, had it repaired. Steve Niarhos indicated that someone did repair the air conditioner but it worked for about two days, then reverted to what it was and that she was selling the unit and a new owner would have to take care of the problem. A letter was written therefore whoever would buy the unit would have notice for the need of repair to the air conditioner."
 {¶ 8} On October 22, 2001, Fluellen completed the Residential Property Disclosure Form mandated by R.C. 5302.30 relating to the sale of her condominium. On the form, Fluellen asserted that she did not know of any current problems or defects with the mechanical systems in the unit.
 {¶ 9} McClintock signed the Purchase Agreement for the condominium in January 2002. Shortly after moving into the unit, she noticed loud noises coming from the HVAC unit. Several companies submitted estimates of approximately $2500 to repair the unit.
 {¶ 10} In his report, the magistrate concluded that Fluellen had a duty to inform McClintock on the Residential Property Disclosure Form of any current problems or defects that she was aware of regarding the HVAC unit, but that she concealed her knowledge about the problems with the unit. The magistrate stated:
 {¶ 11} "The evidence shows that [Fluellen] accomplished said task wherein she knew, via her own testimony that she received the Association's September 7, 2001 letter before signing the Residential Property Disclosure Form, that there was a current problem with the HVAC. If she did not believe a problem existed with the HVAC, then why send Arnie to perform additional work, based upon the invoice from Arnie dated November 20, 2001, after signing the form. Additionally, no later than October 9, 2001, Defendant had received additional warnings of the condition of the HVAC. Defendant, based upon the Association notes for the October 9, 2001 meeting, knew of the problems that were associated with [the] HVAC prior to October 22, 2001. Despite this knowledge and claim that she would advise the potential new owner of the problem, Defendant concealed the problem with the HVAC. Instead of advising the Plaintiff of the problem, Defendant chose to have the HVAC repaired after the disclosure form was completed but prior to the sale. Logic dictates that Defendant concealed the fact based upon her perception that the property's value would have decreased if she had revealed the presence of any problems. Defendant knowingly concealed the fact that there were problems with the HVAC so that Plaintiff would purchase the unit. Plaintiff relied upon the belief that there were no mechanical problems with the HVAC and thereby waived any inspection. Plaintiff's reliance was justified where she read the property disclosure form prior to executing the purchase agreement and justifiably believed that the property was free and clear of any mechanical problems."
 {¶ 12} Fluellen timely appealed, asserting three assignments of error for our review.
 STANDARD OF REVIEW {¶ 13} The trial court's decision to adopt, reject or modify a magistrate's report will not be reversed on appeal unless the decision was an abuse of discretion. Wade v. Wade (1996), 113 Ohio App.3d 414,419. An abuse of discretion has been defined as "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 ASSIGNMENTS OF ERROR {¶ 14} In her first and third assignments of error, Fluellen contends that the trial court erred in affirming the magistrate's conclusion that she fraudulently misrepresented the condition of the HVAC unit to McClintock.
 {¶ 15} Fluellen initially contends that the doctrine of caveat emptor (let the buyer beware) precludes McClintock's recovery in this case because the property was sold "as is" and McClintock, who had full access to the property, waived her right to a professional inspection of the property.
 {¶ 16} In Ohio, the seller of real property must disclose substantial latent defects to his or her purchaser. Morningstar v. Smith
(Aug. 22, 1996), Cuyahoga App. No. 69939, citing Parkinson v. Kunn (Dec. 28, 1995), Cuyahoga App. No. 68831. A latent defect is one which is not open to observation or discoverable upon reasonable inspection. Cifani v.Vana (July 3, 1997), Cuyahoga App. No. 71494.
 {¶ 17} If the defects are open to the buyer's attention, however, the seller has no duty to disclose them to the purchaser. Morningstar,
supra. "[T]he doctrine of caveat emptor precludes recovery in an action by the purchaser for a structural defect in real estate where 1) the condition complained of is open to observation or discoverable upon reasonable inspection, 2) the purchaser had the full and unimpeded opportunity to examine the premises, and 3) there is no evidence of fraud on the part of the vendor." Layman v. Binns (1988), 35 Ohio St.3d 176,178-179.
 {¶ 18} Likewise, an "as is" clause in a real estate contract relieves the seller of any duty to disclose and places the risk upon the purchaser as to the existence of any defects. Morningstar, supra, citingBrewer v. Brothers (1992), 82 Ohio App.3d 148, 151. However, an "as is" disclaimer clause in a real estate purchase agreement bars suit for passive nondisclosure; it does not protect a seller from actions alleging positive misrepresentation or concealment. Shear v. Fleck (Sept. 13, 2001), Cuyahoga App. No. 79059.
 {¶ 19} Here, the magistrate found that during her inspection of the condominium, McClintock, who is a housing inspector for the City of Cleveland Heights, turned the HVAC unit on and determined that it ran. She also initialed the section of the Purchase Agreement waiving a professional inspection, thereby accepting the property in its "as is" condition. Thus, the first two prongs of the test set forth in Layman,
supra, were met in this case.
 {¶ 20} However, Fluellen's argument that the doctrine of caveat emptor precludes McClintock's recovery in these circumstances ignores the third prong of the Layman test. It is clear that the doctrine of caveat emptor cannot be used to protect a vendor if the buyer can prove fraud.Layman, supra.
 {¶ 21} An action in common-law civil fraud has five essential elements: 1) a material false representation or a concealment, 2) knowingly made or concealed, 3) with the intent of misleading another into relying upon it, 4) justifiable reliance upon the representation or concealment by the party claiming injury, and 5) injury resulting from the reliance. Shear, supra, citing Gaines v. Preterm-Cleveland, Inc.
(1987), 33 Ohio St.3d 54, 55.
 {¶ 22} Fluellen argues that there was no fraudulent concealment relating to the sale of her condominium because on January 6, 2002, when McClintock signed the Purchase Agreement, there were no problems with the HVAC unit. That is not the issue, however. Rather, the issue is whether Fluellen fraudulently concealed mechanical problems with the HVAC unit when she signed the Residential Property Disclosure Form on October 22, 2001, in order to induce McClintock into believing the property was free of any defects.
 {¶ 23} Our review of the record indicates that the trial court did not abuse its discretion in finding that Fluellen was aware of problems with the HVAC unit on October 22, 2001 when she signed the Residential Property Disclosure Form but fraudulently misrepresented on the Form that there were no problems with the HVAC unit. The record reflects that Fluellen and Niarhos spoke in August, 2001, regarding noise problems with the HVAC unit. Moreover, as the magistrate found in his report, on September 7, 2001, the Owner's Association sent Fluellen a letter advising her of noise problems with the HVAC unit and requesting that she have the unit repaired immediately. Despite her knowledge of the problems, Fluellen did not have the HVAC unit repaired before she signed the Residential Property Disclosure Form on October 22, 2001. Thus, Fluellen's representation on the Form that there were no current problems with any of the mechanical systems in the condominium was, quite simply, not true.
 {¶ 24} Fluellen's first and third assignments of error are therefore overruled.
 {¶ 25} In her second assignment of error, Fluellen argues that the trial court erred in affirming the magistrate's report because the magistrate improperly admitted the notes of the October 9, 2001 Association meeting into evidence. Fluellen argues that the statements of Steve Niarhos regarding her knowledge of problems with the HVAC unit contained in the meeting minutes were inadmissible double hearsay. The magistrate found that the statements were the admission of a party-opponent, however, and therefore not subject to the hearsay rule.
 {¶ 26} A trial court has discretion in deciding evidentiary questions and we will not reverse evidentiary rulings unless there was an abuse of that discretion. Calderon v. Sharkey (1982), 70 Ohio St.2d 218,222-23.
 {¶ 27} Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid.R. 801(C).
 {¶ 28} Evid.R. 801(D)(2) provides that an admission by a party-opponent is not hearsay. If a statement is not a direct admission by a party, such as in this case, it can still be the admission of a party-opponent and not hearsay under three circumstances relevant here: 1) the party has manifested his adoption or belief in its truth, 2) the party authorized the declarant to make the statement, or 3) the statement was made by an agent or servant concerning a matter with the scope of his agency or employment.
 {¶ 29} Here, there is no evidence demonstrating that Fluellen authorized Steve Niarhos to speak on her behalf at the Association meeting. The minutes state that Niarhos had a proxy for Fluellen at the meeting, but do not indicate that this proxy authorized him to speak on Fluellen's behalf. Although not specified, it is likely the proxy was for voting purposes only. Our review of the minutes and the record reveals nothing to indicate that Niarhos was authorized to speak for Fluellen at the meeting.
 {¶ 30} Moreover, there is no evidence anywhere in the record of an agency or employment relationship between Niarhos and Fluellen. Finally, there is no evidence in the record to demonstrate that Fluellen adopted or manifested her assent to Niarhos' statement at the meeting that she knew about the problems with the HVAC unit but intended for the new owner to take care of the problems. Accordingly, the trial court erred in admitting the Association meeting minutes as admissions of a party-opponent pursuant to Evid.R. 801(D).
 {¶ 31} We hold that the admission of the meeting minutes was harmless error, however. Even without the meeting minutes, there was evidence that Fluellen was aware of unresolved problems with the HVAC unit when she signed the Residential Property Disclosure Form on October 22, 2001. The record indicates that Niarhos and Fluellen spoke in August, 2001, regarding the condition of the HVAC unit as it related to potential buyers of her condominium. Moreover, Kathy Barry testified that the Condominium Owner's Association sent Fluellen a letter on September 7, 2001, advising her of noise problems with the HVAC unit and requesting that she get the unit repaired. Fluellen did not deny receiving this letter. Despite being advised of the problems, Fluellen did not get the unit repaired until November 20, 2001, and then only when her tenant called her to complain that the unit was not producing any heat. In the interim, however, she completed the Residential Property Disclosure Form, in which she represented that she was not aware of any mechanical problems with the HVAC unit.
 {¶ 32} Accordingly, because there was sufficient evidence to demonstrate that Fluellen fraudulently misrepresented the condition of the HVAC unit on the Residential Property Disclosure form, the trial court did not err in affirming the magistrate's report finding Fluellen liable and awarding McClintock damages.
 {¶ 33} Fluellen's second assignment of error is overruled.
 {¶ 34} The judgment is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Anne L. Kilbane, P.J., and Frank D. Celebrezze, Jr., J., concur.