JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Edward Zak ("Zak"), appeals the decision of the municipal court, which adopted and accepted the magistrate's recommendation, and found in favor of appellee, Peter Mann ("Mann").
 {¶ 2} On February 26, 2003, Zak filed a complaint in the Rocky River Municipal Court against Mann, alleging that Mann hired Zak as his attorney in connection with a planned eviction but failed to pay Zak the $250 fee for the legal services rendered. After the case was heard and the evidence was presented, the magistrate recommended judgment in favor of Mann.
 {¶ 3} Pursuant to Zak's request, the magistrate issued findings of fact and conclusions of law. The magistrate's findings of fact were as follows: (1) in October 2002, Zak and Mann met and spoke at a real estate investing organization, to which they both belonged, concerning a problem Mann was having with a tenant in rental property that he owned; (2) at the November 2002 meeting of the real estate investing organization, Mann showed Zak some documents concerning the tenant and Zak kept the documents; (3) in either October or November, Mann called Zak to talk about the tenant problem, Zak informed Mann that he charges $100 per hour for legal services and required a $250 retainer to work on Mann's case, and Zak did not respond to Mann's question as to the total cost he would charge for an eviction; (4) Mann testified that he spoke to Zak on the phone twice for a total of five minutes, but decided not to hire Zak and had instead hired a different attorney to handle the eviction; and (5) Zak testified that he spent two and one-half hours to prepare and provide Mann with legal advice, for a total fee incurred of $250.
 {¶ 4} The magistrate's conclusions of law, which recommended judgment in favor of Mann, held that there was no written or oral contract between Zak and Mann, that Mann had simply inquired about the fee Zak would charge for an eviction, and that Mann in fact hired a different attorney to handle the eviction. The municipal court accepted and adopted the magistrate's recommendation and Zak now appeals.
 {¶ 5} Although Zak asserts two assignments of error, the gravamen of Zak's appeal contends that the municipal court erred by recommending judgment for Mann and in failing to find an express or oral contract for legal services between Zak and Mann. However, Zak's contention is without merit.
 {¶ 6} First, the decision to adopt, reject, or modify a magistrate's decision will not be reversed on appeal unless the decision is determined to be an abuse of discretion. McClintockv. Fluellen, Cuyahoga App. 82795, 2004-Ohio-58, ¶ 13, citingWade v. Wade (1996), 113 Ohio App.3d 414, 419, 680 N.E.2d 1305. For this court to find an abuse of discretion, we must conclude that the determination by the municipal court was "unreasonable, arbitrary or unconscionable" and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 7} Here, there is nothing in the record to suggest that the municipal court's decision was unreasonable, arbitrary, or unconscionable. Although Zak asserts that a contract to perform legal services (either express or implied) on behalf of Mann existed because Mann contacted Zak, Zak answered Mann's preliminary questions, and Zak drafted a legal document, we do not find any agreement (express or implied) that Mann hired Zak to perform specific legal services or agreed to pay Zak's $250 retainer fee and $100 hourly rate. In contrast, the evidence presented to the municipal court suggests that Mann approached Zak about the problem with his tenant only to determine how much it would cost for Zak to handle the specific problem. It is much more reasonable to infer from the fact that Mann hired another attorney to handle the eviction that Mann did not agree with Zak's prices and did not hire him as his attorney. Because we do not find on the record before us that the municipal court abused its discretion by adopting the magistrate's recommendation, we affirm the decision of the municipal court.
 {¶ 8} The judgment is affirmed.
Judgment affirmed.
Karpinski and McMonagle, JJ., CONCUR.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Rocky River Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.