JOURNAL ENTRY AND OPINION *Page 2 
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct. Prac.R. II, Section 2(A)(1).
 {¶ 1} Plaintiffs-appellants, Edward and Maria Stefanski (collectively referred to as "the Stefanskis"), appeal the trial court's granting summary judgment in favor of defendants-appellees Christin McGinty ("McGinty") and John Charo ("Charo"). Finding no merit to the appeal, we affirm.
 {¶ 2} In May 2005, the Stefanskis purchased a home from McGinty and Charo. Prior to the purchase, the Stefanskis and their real estate agent inspected the home on two occasions. On the first visit, they spent approximately twenty to thirty minutes at the home. On the second visit, Edward Stefanski's brother was also present when they inspected the home. They spent approximately thirty to sixty minutes inspecting the home during the second visit. The Stefanskis did not hire a professional inspector to inspect the home prior to their purchase. Shortly after moving into the home, they observed water leaking into the basement. They subsequently had the basement waterproofed.
 {¶ 3} In November 2005, the Stefanskis filed suit against McGinty and Charo alleging that they failed to disclose their knowledge of water intrusion and of "any movement, shifting, deterioration, material cracks/settling, * * * or other material problems with the foundation, basement/crawl space, * * * or interior/exterior walls." The Stefanskis alleged that the intentional failure to disclose the defects constituted fraud. In May 2006, McGinty and Charo filed a motion for summary judgment. The Stefanskis filed their brief in opposition in June 2006. The trial court granted the *Page 3 
motion for summary judgment in July 2006, finding no evidence that McGinty and Charo concealed the defects in the basement.
 {¶ 4} The Stefanskis now appeal, raising two assignments of error. In the first assignment of error, they argue that the trial court committed reversible error when it granted the motion for summary judgment.
 {¶ 5} Appellate review of summary judgment is de novo. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241;Zemcik v. La Pine Truck Sales Equipment (1998), 124 Ohio App.3d 581,585, 706 N.E.2d 860. The Ohio Supreme Court set forth the appropriate test in Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-370,1998-Ohio-389, 696 N.E.2d 201, as follows:
 "Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp., 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264."
 {¶ 6} Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. *Page 4 Eckstein, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party. Murphy v.Reynoldsburg, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d.138.
 {¶ 7} The Stefanskis contend that McGinty and Charo made material and false misrepresentations that they relied on in purchasing the home. As a result, they sustained approximately $ 18,000 in damages. The Stefanskis further contend that because fraud exists, the doctrine of caveat emptor does not apply. We disagree.
 {¶ 8} In McClintock v. Fluellen, Cuyahoga App. No. 82795,2004-Ohio-58, this court held that in order to sustain a cause of action on the basis of fraud, the plaintiffs must show: "(1) a material false representation or a concealment; (2) knowingly made or concealed; (3) with the intent of misleading another into relying upon it; (4) justifiable reliance upon the representation of concealment by the party claiming injury; and (5) injury resulting from the reliance." (Citations omitted). In McClintock, this court held that a homeowner may not intentionally conceal known defects from a buyer. In the event a homeowner does so, their actions will constitute fraud. Id.
 {¶ 9} In the instant case, there is no evidence that McGinty and Charo knew of any defects and intentionally withheld that information from the Stefanskis. There is nothing in the record to indicate that McGinty or Charo made misrepresentations *Page 5 
to the Stefanskis. McGinty and Charo both stated that they never performed any repairs or maintenance on the home during the six months they lived there. The record also demonstrates that the Stefanskis had unimpeded access to inspect the home prior to purchasing it. They visited the home on two occasions and inspected it without a professional inspector.
 {¶ 10} {tc \l1 "In the instant case, there is no evidence that McGinty and Charo knew of any defects and intentionally withheld that information from the Stefanskis. There is nothing in the record to indicate that McGinty or Charo made misrepresentations to the Stefanskis. McGinty and Charo both stated that they never performed any repairs or maintenance on the home during the six months they lived there. The record also demonstrates that the Stefanskis had unimpeded access to inspect the home prior to purchasing it. They visited the home on two occasions and inspected it without a professional inspector.}
 {¶ 11} Furthermore, the "as is" clause in McGinty and Charo's real estate contract relieves them of their duty to disclose and places the risk of any defects upon the Stefanskis as to the existence of any defects. See Brewer v. Brothers (1992), 82 Ohio App.3d 148, 151,611 N.E.2d 492.
 {¶ 12} Therefore, there is no genuine issue of material fact, and the trial court properly granted summary judgment in favor of McGinty and Charo.
 {¶ 13} Morever, in real estate transactions, the doctrine of caveat emptor *Page 6 
precludes recovery by the buyer for defects in the property when: "(1) the defect complained of is open to observation or discoverable upon reasonable inspection; (2) the purchaser had the full and unimpeded opportunity to examine the premises; and (3) there is no evidence of fraud on the part of the vendor." See Layman v. Binns (1958),35 Ohio St.3d 176, 519 N.E.2d 642.
 {¶ 14} In the instant case, the alleged defects cannot be considered latent. The Stefanskis claimed that when they inspected the basement, they observed stained wood on the cupboards, peeling paint, and mold on the walls. Thus, if any alleged defects existed, they were open to observation. Moreover, the alleged defects could have been found, had the Stefanskis thoroughly inspected the home.[1] Furthermore, the purchase agreement which the Stefanskis signed acknowledged that they had unimpeded access to examine the home. Lastly, as discussed above, we find no existence of fraud. Therefore, under the doctrine of caveat emptor, the Stefanskis are precluded from recovery.
 {¶ 15} Accordingly, the first assignment of error is overruled.
 {¶ 16} In the second assignment of error, the Stefanskis argue that the trial court's failure to timely grant their motion to compel prejudiced them by denying them access to significant and relevant information. *Page 7 
 {¶ 17} It is well-settled law that a trial court has broad discretion in controlling the discovery process. Radovanic v. Cossler (2000),140 Ohio App.3d 208, 746 N.E.2d 1184. Our standard of review for decisions on motions to compel is the abuse of discretion standard. Wolnik v.Matthew J. Messina, DDS, Inc., Cuyahoga App. No. 88139, 2007-Ohio-1446. An abuse of discretion requires more than an error of law or judgment, it implies that the court's attitude was arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 18} The Stefanskis argue that their request for production of documents was never answered. Our review of the record reveals that McGinty and Charo responded to the discovery requests. Morever, there is nothing in the record to indicate that the trial court's actions were arbitrary, unreasonable, or unconscionable. Therefore, we find that the trial court did not abuse its discretion in denying the Stefanskis' motion to compel.
 {¶ 19} Thus, the second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellees recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and ANN DYKE, J. CONCUR
[1] The Stefanskis did not have the home professionally inspected prior to their purchase. *Page 1