JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Jacqueline Rogers ("Rogers"), appeals from the decision of the Lakewood Municipal Court that entered judgment in favor of plaintiff-appellee, Vicki Klasa ("Klasa"), in the amount of $8,500. For the reasons adduced below, we affirm in part, vacate in part and remand
 {¶ 2} Klasa brought this action alleging that Rogers misrepresented and concealed water problems in the basement of a home purchased by Klasa. The case was originally scheduled on the small claims docket; however, after Klasa amended her damages claim to $10,000, the case was transferred to the municipal court's regular civil docket. Following a bench trial, the trial court found that the doctrine of caveat emptor did not apply and that Rogers had fraudulently represented and concealed an ongoing standing water problem in the basement, and awarded judgment in favor of Klasa. Rogers has appealed the judgment of the trial court.
 {¶ 3} The following facts are derived from the record. In 2001 Klasa purchased a home, located at 2192 Clarence Avenue, from Rogers. The purchase agreement provided that the home was being purchased in its present "as-is" condition. The residential disclosure form indicated that in the basement there was slight dampness on the south wall with heavy rain. When Klasa inspected the property, she noticed that the walls were "immaculate, white" with no signs of mold.
 {¶ 4} Klasa moved into the home in January 2002. Klasa testified that within a few weeks of moving into the house she noticed a puddle on the floor. Klasa also had photos of bubbling beneath the paint and mold on the walls. Klasa claimed there was mold all over the basement. Klasa also stated that the basement floor was damaged, the tiles were all moldy, and that she needed a new floor. Klasa presented estimates concerning the cost of repair. Klasa also claimed she needed a new driveway because it was sloped.
 {¶ 5} There was also testimony presented from Charles and Susan O'Reilly, prior owners of the home who sold the property to Rogers. The O'Reillys lived in the home for ten years, from 1988 to 1998. The O'Reillys both testified that water would pool on the floor after heavy rains, and there would be a little bit of moisture on the walls. The O'Reillys also indicated on their disclosure form when they sold the home to Rogers that there was occasional seepage after heavy rains. Susan O'Reilly clarified that the walls did not drip from water, but rather there was moisture on the walls. As she testified, "if you put your hands on the wall it was moist" and "it was damp." She also stated that she "didn't see water dripping out, [she] just saw it on the floor."
 {¶ 6} Marian Grosu, who resided with Klasa, testified that when she moved in, in February 2002, everything was clean and white. However, she stated that after a while the paint started bubbling, the vinyl floor tiles came off, and there was mold at the base of the walls. She stated she never saw water seeping down the walls, but she did notice water on the floor.
 {¶ 7} Rogers testified that the only water problem she experienced during her time in the home was dampness on the south wall. She stated she never experienced any mold in the basement and never had any water pooling on the floor. Rogers stated that her lack of water problems may have been a result of new gutters. Rogers also testified that about a year before deciding to sell the home, she painted the basement walls with ceiling paint. She stated that the tiles were the same as when she bought the home.
 {¶ 8} Rogers' realtor, Edward Hearns, and sister, Donna Freeman, both testified that they did not notice any evidence of water damage. However, neither had been in the basement until the home was put up for sale, and both testified they had not been in the basement of the home during a heavy rain.
 {¶ 9} Upon this record, we review the assignments of error. Rogers' first, second and sixth assignments of error provide:
 {¶ 10} "I. The trial court erred in granting judgment to the appellee when the doctrine of caveat emptor was not followed."
 {¶ 11} "II. The trial court erred in finding fraud by the appellant."
 {¶ 12} "VI. The judgment of the trial court is against the manifest weight of evidence."
 {¶ 13} The above assignments of error are interrelated. Rogers claims that the trial court erred by failing to apply the doctrine of caveat emptor because the condition complained of was open to observation on reasonable inspection and Klasa was informed of dampness on a basement wall and was put on notice of a possible defect. Rogers further asserts that the trial court's finding that the water condition would not be noticeable without full disclosure and finding of fraudulent conduct are against the manifest weight of the evidence.
 {¶ 14} Klasa argues that there was overwhelming evidence of serious water problems in the basement that existed when Rogers purchased the home in 1998 and that appeared when Klasa moved into the home in 2002. Klasa states that Rogers, knowing of the water problems, made an affirmative misrepresentation by disclosing only "slight dampness" on a single wall. Klasa further states that the condition was not open to observation because Rogers concealed the defect by painting the walls and the water problems occurred only following rain.
 {¶ 15} In applying a manifest weight standard of review to these assignments of error, we must determine whether there is relevant, competent, and credible evidence upon which a fact finder could base its judgment. Brenza v. Petruzzi, Delaware App. No. 01CA C10 047, 2002-Ohio-1835. Judgments that are supported by some competent and credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as against the manifest weight of the evidence. Id. citing C.E. Morris Co. v. Foley Constr. (1978),54 Ohio St.2d 279, 281. Further, a reviewing court must not re-weigh the evidence, and should not substitute its judgment for that of the trial court where this standard has been met. Evans v. Baker
(Mar. 17, 2000), Ross App. No. 99 CA 2502.
 {¶ 16} With this standard of review in mind, we first consider whether the court erred in finding the doctrine of caveat emptor does not apply under the facts of this case. InLayman v. Binns (1988), 35 Ohio St.3d 176, syllabus, the Ohio Supreme Court set forth the doctrine of caveat emptor, stating:
 {¶ 17} "The doctrine of caveat emptor precludes recovery inan action by the purchaser for a structural defect in real estatewhere (1) the condition complained of is open to observation ordiscoverable upon reasonable inspection, (2) the purchaser hadthe unimpeded opportunity to examine the premises, and (3) thereis no fraud on the part of the vendor. (Traverse v. Long[1956], 165 Ohio St. 249, 135 N.E.2d 256, approved andfollowed.)"
 {¶ 18} Under the first element of the doctrine, in order for a defect to be open and observable, it must be a condition that an ordinary prudent person would discover upon reasonable inspection. Brenza v. Petruzzi, Delaware App. No. 01CA C10 047, 2002-Ohio-1835. Under this standard, there is generally no need to hire an expert to inspect property. Id.
 {¶ 19} In this case the evidence reflected that when Klasa viewed the basement, she noticed that the walls were "immaculate, white" and there was no sign of mold. There was testimony that Rogers had painted the basement walls prior to placing the house up for sale. Further, Rogers' realtor and sister, who were in the basement when the house was for sale, did not notice any water damage. The trial court concluded that the water problem was not open and observable because the walls had been painted and the problem occurred only when it rained. Upon our review of the record, we conclude the trial court's finding was supported by some competent, credible evidence.
 {¶ 20} We also find that the trial court did not err in finding Rogers had engaged in fraud under the third element of caveat emptor. In order to establish fraud, the following elements must be established: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance upon the representation or concealment, and (6) a resulting injury proximately caused by the reliance. Duman v. Campbell, Cuyahoga App. No. 79858, 2002-Ohio-2253.
 {¶ 21} Under Ohio law, a seller of real property is required to disclose substantial latent defects to his or her purchaser.McClintock v. Fluellen, Cuyahoga App. No. 82795, 2004-Ohio-58. In the present case, Rogers' only disclosure concerning water in the basement was that there was slight dampness on the south wall with heavy rain. However, there was evidence of a more extensive water problem that existed in the basement, which included the water pooling on the floor, for a period of ten years before Rogers took possession of the home. Also, at the time Rogers purchased the home, she was informed through a disclosure of occasional seepage after heavy rains.
 {¶ 22} While Rogers claimed she never experienced water pooling on the floor or mold, the trial court found that it was unlikely that the water problem would stop after the O'Reillys sold the property to Rogers and then recur only after Rogers had sold the home to Klasa. Although there was some indication that Rogers had placed new gutters on the home, there was competent, credible evidence of an ongoing standing water problem in the basement. Not only was there evidence that Rogers affirmatively misrepresented the standing water problem, but also there was evidence that Rogers had concealed the water problem by painting the walls.
 {¶ 23} Even though the real estate contract in this case contained an "as is" clause, such a clause does not protect a seller from actions constituting a positive misrepresentation or concealment. McClintock, supra. Again, evidence was presented that showed (1) the basement had an ongoing standing water problem that occurred during heavy rains, (2) Rogers did not disclose a standing water problem, and (3) Rogers had painted the basement walls giving the walls an "immaculate, white" appearance. Taken together, this evidence indicates that Rogers fraudulently represented and concealed the water problems in the basement. Thus, the trial court correctly determined that the "as is" clause did not protect Rogers from liability.
 {¶ 24} We also do not find Klasa was sufficiently alerted to a possible defect requiring further inquiry. Once a purchaser is alerted to a possible defect, she may not simply sit back and then raise her lack of expertise when a problem arises. Dunman,
supra. Aware of a possible problem, the buyer has a duty to either (1) make further inquiry of the owner, who is under a duty not to engage in fraud, or (2) seek the advice of someone with sufficient knowledge to appraise the defect. Id. citing Tiptonv. Nuzum (1992), 84 Ohio App.3d 33, 38. However, in this case, the disclosure form indicated only slight dampness on the south wall. When Klasa viewed the basement, there was nothing to indicate the possibility of a more serious water problem, beyond that which had been disclosed. Under these circumstances, we do not find Klasa was alerted to a possible defect requiring further inquiry.
 {¶ 25} Furthermore, Rogers' assertion that there was only slight dampness on one wall constituted a partial disclosure that conveyed a false impression. "The law of Ohio imposes a duty to make a full disclosure in these circumstances where such disclosure is necessary to dispel misleading impressions created by a partial revelation of the facts." Alpern v. Purcell (Feb. 2, 1981), Trumbull App. No. 2863, citing Connelly v. Balkwill
(1959), 174 F. Supp. 49. Where a distinct and definite representation is made by the seller of real estate, the buyer is entitled to rely upon it. Alpern, supra.
 {¶ 26} Because there was some competent, credible evidence supporting all the essential elements of the case, we find the trial court did not err in finding the doctrine of caveat emptor was not applicable and in finding Rogers had engaged in fraudulent conduct. Accordingly, we do not find the judgment of the trial court was against the manifest weight of the evidence. Rogers' first, second and sixth assignments of error are overruled.
 {¶ 27} Rogers' third and fourth assignments of error provide:
 {¶ 28} "III. The trial court erred when it assisted the appellee in trial tactics.
 {¶ 29} "IV. The trial court committed plain error when it assisted the appellee in trying her case."
 {¶ 30} During the trial of this matter, Klasa tried her case without an attorney. Rogers points to 21 occasions in which the trial court instructed Klasa about trial procedure. Rogers also references instances in which the trial court engaged in questioning of the witnesses.
 {¶ 31} In our prior decision of In re Gray (Apr. 20, 2000), Cuyahoga App. Nos. 75984, 75985, we stated the following with respect to a trial judge's involvement in the trial procedure and questioning of witnesses:
{¶ 32} "Evid.R. 611(A) provides that the trial court hasdiscretion to control the flow of trial including the questioningof witnesses. Evid.R. 614(B) permits the trial court tointerrogate witnesses in an impartial manner. A trial judge has aduty to see that truth is developed and therefore should nothesitate to pose a proper, pertinent, and even-handed questionwhen justice so requires. Akron-Canton Waste Oil, Inc. v.Safety-Kleen Oil Serv., Inc. (1992), 81 Ohio App.3d 591, 610,611 N.E.2d 955. A trial judge is presumed to act in a fair andimpartial manner. In re Disqualification of Kilpatrick (1989),47 Ohio St.3d 605, 606, 546 N.E.2d 929. To overcome thispresumption, an appellant must make a showing of bias, prejudice,or that the trial judge prodded the witness to elicit partisantestimony. Jenkins v. Clark (1982), 7 Ohio App.3d 93, 98,454 N.E.2d 541. A trial court's questioning of a witness is notdeemed partial for purposes of Evid.R. 614(B) merely because theevidence elicited during the interrogation was damaging to one ofthe parties. See State v. Blankenship (1995),102 Ohio App.3d 534, 657 N.E.2d 559.In a bench trial, the judge has more freedom in questioningwitnesses. Lorenc v. Sciborowski, 1995 Ohio App.LEXIS 951 (Mar. 16, 1995), Cuyahoga App. No. 66945, unreported.An appellate court reviews the record to see if the trial courtabused its discretion in the manner in which the interrogationwas conducted. State v. Prokos (1993), 91 Ohio App.3d 39,631 N.E.2d 684."
 {¶ 33} Initially, we note that in this case the trial judge was well within his discretion to ask witnesses questions which he deemed necessary in making his determination. Our review of the transcript reflects that the judge inquired only about the pertinent issues, and there is no indication of bias or prejudice. As stated by one court, "`[a]bsent a showing of bias, prejudice, or prodding of the witness to elicit partisan testimony, it is presumed that the trial court interrogated the witness in an impartial manner in an attempt to ascertain a material fact or develop the truth. * * * A trial court's interrogation of a witness is not deemed partial for purposes of Evid.R. 614(B) merely because the evidence elicited during the questioning is potentially damaging to the defendant.'" (Citations omitted.) Mentor v. Brancatelli (Dec. 5, 1997), Lake App. No. 97-L-011, quoting State v. Blankenship (1995),102 Ohio App.3d 534, 548.
 {¶ 34} Insofar as the judge directed Klasa on trial procedure, there is no showing that the judge was acting partially or was doing anything more than ascertaining the facts in the case. "A judge abuses his discretion when he plays the part of an advocate, but the rule is not so restrictive that [a] judge is not permitted to participate in a search for the truth."State v. Kight (Sept. 9, 1992), Jackson App. No. 682.
 {¶ 35} Upon the record before us, we do not find that the trial court abused its discretion. Further, we find no basis upon which to find plain error.
 {¶ 36} Rogers' third and fourth assignments of error are overruled.
 {¶ 37} Rogers' fifth assignment of error provides:
 {¶ 38} "V. The trial court erred when it converted the case to the general docket of this court after the small claims division had already conducted a trial on the matter."
 {¶ 39} Rogers actually raises several issues under this assignment of error. Rogers first complains that the complaint was not constructed with all the pleading requirements of Civ.R. 8 and that the allegation of fraud was not pleaded with particularity pursuant to Civ.R. 9. These arguments are without merit and were waived by Rogers. Rogers did not file a motion for more definite statement, a motion to dismiss, or any other responsive pleading raising these arguments. A plaintiff's failure to plead fraud with particularity in the complaint is deemed waived if it is not raised in the first responsive pleading or an early motion. Mihalca v. Malita (Apr. 12, 2000), Summit App. No. 19395, citing Hoover v. Wherry (May 25, 1999), Franklin App. No. 98AP-890.
 {¶ 40} Rogers also argues that the court erred by transferring the case from the small claims docket to the regular docket. In this case, the trial court transferred the case upon Klasa's amendment of her damages to $10,000. R.C. 1925.10
authorizes a municipal court, upon its own motion, to transfer a case to the regular docket. We find no error in the trial court's decision.
 {¶ 41} Rogers' fifth assignment of error is overruled.
 {¶ 42} Rogers' seventh assignment of error provides:
 {¶ 43} "VII. The trial court erred in admitting appellee's estimates pertaining to repairs because they were hearsay."
 {¶ 44} In testifying as to her damages, Klasa initially indicated that she had estimates. Rogers objected to these estimates; however, the court overruled her objection. Klasa then proceeded to testify that she was claiming damages of $9,680 to waterproof the basement. No objection was made to Klasa's testimony as to this dollar amount. Thereafter, the court admitted the estimates, which ranged from $5,200 to $9,886, over Rogers' objection. The court found that the exhibits were being admitted as evidence of the amount of damages which Klasa incurred and testified to and not for anything else.
 {¶ 45} We find that the admission of the estimates was not prejudicial to Rogers since there was other independent evidence of damages in this action. The trial court gave careful consideration to the record before it.
 {¶ 46} Klasa separately testified that she was claiming $9,680 as damages for the basement. Rogers did not object to this portion of Klasa's testimony regarding the cost of repair. Moreover, the trial court could ascertain from Klasa's testimony that she had personal knowledge as to the cost of her repairs. This testimony, together with the photos of the damage, establishes that there was some evidence of damages independent of the written estimates. See Noble v. Mandalin (May 5, 1995), Portage App. No. 94-P-0078; see, also, City of Cleveland v.Strong (Aug. 10, 1995), Cuyahoga App. No. 68172.
 {¶ 47} The trial court found that a fair and reasonable amount of damages was $8,500. However, there is no indication in the record that this award had been adjusted to exclude damages for repairs to the south wall for the disclosed portion of the water problem.
 {¶ 48} In determining the proper measure of damages where there is fraud inducing the purchase of real estate, some Ohio courts use the difference in fair market value (the value of the property as it was represented to be and its actual value at the time of purchase), while other courts utilize the cost of repair as the measure of damages. Noble, supra, citing BrewerBrothers (1982), 82 Ohio App.3d 148, 154. Either method is acceptable. However, where certain water problems have been disclosed, the amount of the damage award must be modified to exclude the cost to repair the disclosed portion of the problem.
 {¶ 49} Accordingly, we vacate the damage award and remand the matter for further proceedings on damages.
 {¶ 50} Rogers' seventh assignment of error is sustained.
 {¶ 51} Judgment affirmed in part, vacated in part, and remanded.
 {¶ 52} This cause is affirmed in part, vacated in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., concurs; Cooney, J., concurs in part anddissents in part. (see separate opinion.)