JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Elizabeth Reeder (appellant) appeals from the trial court's decision granting summary judgment to defendants-appellees Thomas and Kimberly Frey. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On November 18, 2001, appellant entered into an agreement to purchase a home from appellees. The purchase agreement transferred the property as is, subject to a home inspection, which was completed on November 20, 2001. During the inspection, appellant and the inspector noticed the following items, but determined they were insignificant to the transaction: cracking in the basement floor; dampness in the basement; and step-cracking on the basement cinder-block walls. As part of the sale agreement, appellees executed a residential property disclosure form, as required by R.C. 5302.30. The only item appellees listed as a disclosure is as follows: "Since 1993, in May 2000, sewer backed up due to clogged main. City corrected problem." Before executing the agreement, appellees made no other representations to appellant regarding the condition of the home.
 {¶ 3} Title to the property transferred to appellant on December 28, 2001 and, sometime after that, appellant moved into the home. Appellant alleges that immediately after she moved into the house, she noticed defects, including problems with the sanitary sewer and deck, and a severely leaking basement. On December 16, 2003, appellant filed a complaint against appellees, alleging the following: 1) Fraudulent misrepresentation, based on failure to disclose defects and/or intentional concealment of defects; 2) Breach of the real estate contract, based on failure to disclose defects and/or intentional concealment of defects; and 3) Breach of warranty resulting in unjust enrichment. On January 19, 2005, the court granted appellees' motion for summary judgment, stating "the court finds that plaintiff has failed to present genuine issues of material fact for trial affirmatively refuting defendant's evidence contradicting the allegations of fraud, breach of contract and breach of warranty."
 II. {¶ 4} In her first and only assignment of error, appellant argues that "the trial court should not have granted the defendant's motion for summary judgment because questions of material fact(s) have been presented and plaintiff alleges a valid cause of action."
 {¶ 5} We review a trial court's granting of summary judgment de novo in accordance with the standards set forth in Civ.R. 56(C). Lemmo v.House of Larose Cleveland, Inc., Cuyahoga App. No. 82182, 2003-Ohio-4346. Civ.R. 56(C) provides that a court must determine the following before granting summary judgment: "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v.Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. First, the party seeking summary judgment has the initial burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett
(1987), 477 U.S. 317, 330. Second, the nonmoving party has the reciprocal burden of setting forth specific facts, by the means listed in Civ.R. 56(C), showing that a genuine issue for trial exists. Dresher v. Burt
(1996), 75 Ohio St.3d 280. The nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings." Civ.R. 56(E).
 {¶ 6} Appellant first alleges that appellees engaged in fraud during the sale of the property. To establish a claim of civil fraud, a plaintiff must show that: 1) a material false representation or concealment; 2) was knowingly made; 3) with the intent of misleading another into relying upon it; 4) the party claiming injury actually relied on the representation or concealment; and 5) the reliance resulted in injury. See, Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54,55.
 {¶ 7} Appellant cites to Klasa v. Rogers, Cuyahoga App. No. 83374, 2004-Ohio-4490, as support for her position. In Klasa, we affirmed the trial court's finding that the seller of a home engaged in fraud during the sale. In that case, the seller disclosed that there was a "slight dampness" on the basement wall with heavy rain. When the buyer moved in, there was a severe water seepage problem in the basement during heavy rains. The buyer presented evidence that when the seller bought the home, the previous owner disclosed a basement water problem to her, and the seller painted the basement walls immediately prior to the sale to hide water damage. This, coupled with the fact that the seller did not disclose a standing water problem, led the court to find both fraudulent misrepresentation and concealment.
 {¶ 8} In the instant case, appellant presents no evidence that appellees experienced or were aware of any defects to the home that appellant complained of beyond what appellees disclosed. Appellant argues that she "was injured economically by purchasing a property that the owners knew had issues, structurally and otherwise, concealed and/or did not disclose said defects knowing that she would rely on the representations made in the disclosure statement in purchasing the property." However, appellant does not specifically state how appellees allegedly "knew" about these "issues." Appellant states that the City of Parma sent a maintenance crew to the property six times from May through July of 2001 to repair a sewer problem, and this is evidence that appellees knew of a water problem at the property. Appellees argue, on the other hand, that this is exactly what they disclosed on the form, although they incorrectly dated the services as only being in May. Additionally, appellant implied during her deposition that her neighbors knew that appellees experienced water problems while they lived in the house. However, when asked to produce evidence of this, appellant refused to submit the names of her neighbors. Appellant also stated that some of the contractors she hired to correct the water problems believed the defects existed before appellant purchased the house. However, appellant produces no evidence of this, other than her allegation.
 {¶ 9} Additionally, in Eiland v. Coldwell Banker Hunter Realty
(1997), 122 Ohio App.3d 446, 457, we held the following regarding a claim of fraud in the sale of a home:
"If a purchase agreement states that the buyer purchases real propertyin its `as is' physical condition, as it does here, the vendor has noduty to disclose latent defects. An `as is' disclaimer clause in a realestate purchase agreement bars suit for passive non-disclosure, but doesnot protect a seller from action alleging positive misrepresentation orconcealment. Where a purchase agreement clearly indicates that theproperty is purchased `as is,' a purchaser may not bring a claim forfraudulent non-disclosure for alleged water problems in the basement."
(Internal citations omitted.)
 {¶ 10} In the instant case, appellant presents no evidence that appellees made an active misrepresentation or concealment regarding the condition of the home. Appellees disclosed a sewer problem that they believed had been repaired and had no other communication with appellant before the parties entered into the agreement.
 {¶ 11} Furthermore, appellant failed to present evidence that she justifiably relied upon appellees' representations in purchasing the home. The purchase agreement was contingent upon a home inspection, which was performed two days after the parties signed the contract. "A buyer cannot be said to have justifiably relied upon representations made by the seller where the purchase agreement is clearly contingent upon the inspection rather than any alleged representations." Liotta v. Eckley
(Jan. 13, 2000), Cuyahoga App. No. 75127, quoting Massa v. Genco (Mar. 1, 1991), Lake App. No. 89-L-14-162.
 {¶ 12} Given appellant's failure to set forth specific facts showing that a genuine issue for trial exists, we cannot say that the trial court erred in granting summary judgment to appellees for appellant's claim of fraud.
Breach of contract
 {¶ 13} Appellant also claims that summary judgment should not have been granted in relation to her cause of action for breach of contract. Specifically, appellant argues that she was fraudulently induced into entering the sale agreement. The elements for fraudulent inducement are almost identical to the elements for fraud. See, e.g., Stegawski v.Cleveland Anesthesia Group, Inc. (1987), 37 Ohio App.3d 78, 83. Appellant argues that appellees made "representations that the basement, sewer system, drainage and other material items in the home were fully functional." However, appellant does not present any evidence that appellees knew otherwise. For the same reasons delineated in our analysis of appellant's fraud claim, appellant's claim for breach of contract based on fraudulent inducement must also fail.
Breach of warranty
 {¶ 14} Appellant argues that "an implied warranty was formed via the disclosure statement and words and conduct between the sellers, their agents and [appellant] during the period of negotiation." However, appellant points to no case law that supports her theory of an implied warranty in this situation. Our search of Ohio case law revealed none as well. See, Shapiro v. Kornicks (1955), 103 Ohio App. 49, 53 (holding that "there is no implied warranty as to the condition of real estate sold or leased"). As such, this portion of appellant's assignment of error is without merit.
 {¶ 15} In summary, appellant cannot sustain a claim for fraud, breach of contract or breach of warranty, and offers no evidence to show that the granting of summary judgment was improper. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., and Gallagher, J., concur.