OPINION
{¶ 1} Defendants-appellants, Ronald and Wendy Edwards, appeal from a judgment of the Franklin County Municipal Court granting judgment in favor of plaintiffs-appellees, Frank and Linda Lee Tanzillo, and defendant-appellee, Arthur Covan. For the following reasons, we affirm that judgment.
 {¶ 2} In 1991, the Edwards built a house in Westerville, Ohio. In May 2004, they listed the house for sale. Covan was their real estate agent. Before they placed the house on the market, the Edwards did some remodeling. As part of the remodeling, the Edwards installed a new ceramic tile floor in the basement. The Edwards hired an individual who worked at a local hardware store to install the tile. He installed the ceramic tile directly on top of the existing vinyl floor. The Edwards knew this was the method chosen to install the ceramic tile but did not question the installation. The tile installation was completed by the end of April.
 {¶ 3} As part of the process to sell their house, the Edwards filled out a "Residential Property Disclosure Form" in the beginning of May 2004. The Edwards did not disclose any structural problems with the house, nor did they disclose any problems with the ceramic tile on the basement floor.
 {¶ 4} Near the end of May, Mrs. Edwards started to notice grout from the seams of the new ceramic tile flaking loose when she swept the floor. Mrs. Edwards thought there was a problem with the grout, not with the installation of the tile. The Edwards unsuccessfully tried to contact the individual who installed the tile. Mr. Edwards then tried to fix the grout in one small area by replacing it with new grout. Unfortunately, the color of the new grout did not match the grout in the rest of the floor. Mr. Edwards tried a second time to repair the grout in that same area, but again the new grout did not completely match the existing grout. Moreover, the grout throughout the basement floor continued to flake. Mrs. Edwards swept the floor two or three times a week to clean up the flaking grout.
 {¶ 5} Before the Tanzillos ever saw the Edwards' house, Covan had several discussions with the Edwards about the house. Mr. Edwards told Covan that he had repaired the grout in one small area of the basement floor. After the house had been on the market for some time, Mrs. Edwards asked Covan whether the house was not selling because of the basement floor. She did not explain to him what she meant by her question. Covan told her that he had not received any complaints about the floor and was positive about selling the house. In another conversation with Covan, Mrs. Edwards referred to the floor as "a mess" and asked if anyone had asked about the floor. Again, she did not explain what she meant when she described the floor as a mess. In a later conversation with Covan, Mrs. Edwards again referred to "the problems" they had with the grout. Covan did not express any concern and commented positively about Mr. Edwards' repair work. Covan told her not to worry, that the right buyer would come along.
 {¶ 6} The Tanzillos first visited the Edwards' house sometime in July 2004. Covan was also their real estate agent. They visited the house three times and did not notice any problem with the ceramic tile floor in the basement. In August, the Tanzillos made an offer to purchase the house. The Edwards accepted the offer, and the Tanzillos moved into the house in late October. Before moving into the house, the Tanzillos' home inspector examined the house and did not notice a problem with the basement floor. As soon as they moved in, however, Mrs. Tanzillo noticed that the grout between the ceramic tiles in the basement was crumbling and flaking. Mrs. Tanzillo had to sweep up loose grout every day. Concerned about the floor, the Tanzillos had several contractors inspect the basement tile. Rocco Carifa was one of the contractors. He concluded that the thickness of the sub-floor was insufficient to install ceramic tiles directly over the vinyl flooring. To remedy the problem, he recommended removing the existing ceramic tile, properly preparing the sub-floor, and installing new ceramic tile. Carifa's estimate for the entire repair was $6,814. The Tanzillos decided to have Carifa replace the ceramic tile floor.
 {¶ 7} As a result, the Tanzillos filed the instant case, claiming that the Edwards failed to disclose the existence of the defective flooring in their disclosure form and actively concealed the defect by making temporary repairs in one area. They sought to recover as damages the cost of replacing the ceramic tile with new tile. The Edwards answered the complaint and asserted a third-party complaint (denominated as a cross claim) against Covan, claiming that he had actual knowledge of the defective flooring and that his knowledge should be imputed to the Tanzillos. After a bench trial, the trial court found in favor of the Tanzillos. Specifically, the trial court ruled that the Edwards engaged in fraud by concealing or failing to disclose a material defect in the basement floor. The trial court entered judgment in favor of the Tanzillos for $6,814, which was the cost of removing and replacing the ceramic tile floor. The trial court also rejected the Edwards' claim against Covan and entered judgment in his favor.
 {¶ 8} The Edwards appeal and assign the following errors:
 1. THE TRIAL COURT ERRED IN CONCLUDING THAT THE EDWARDS ENGAGED IN FRAUD.
 2. THE TRIAL COURT ERRED IN RULING THAT DEFENDANT COVAN, AS A DUAL AGENT AND AS A FIDUCIARY UNDER OHIO LAW, ACTED REASONABLY IN FAILING TO INQUIRE FURTHER ABOUT THE KITCHEN FLOOR AFTER (1) HE OBSERVED THE SELLER MAKING REPAIRS TO THE FLOOR, AND (2) HE HEARD THE SELLER REFER TO THE "PROBLEM" OR "MESS" OF THE KITCHEN FLOOR.
 3. THE TRIAL COURT ERRED IN FAILING TO APPLY THE COMMON LAW PRINCIPLES OF AGENCY TO THE EFFECT THAT ALL KNOWLEDGE OF THE AGENT IS IMPUTED TO THE PRINCIPAL.
 {¶ 9} The Edwards contend in their first assignment of error that the evidence does not support the trial court's finding that they engaged in fraud. We disagree.
 {¶ 10} Judgments supported by competent, credible evidence going to all the material elements of the case must not be reversed as being against the manifest weight of the evidence. CE. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus. Further, we must presume the findings of the trial court are correct because the trial judge is best able to observe the witnesses and use those observations in weighing the credibility of the proffered testimony. Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 81.
 {¶ 11} The trial court determined that the basement flooring was a structural defect in the Edwards' house. The court then considered whether the doctrine of caveat emptor precluded the Tanzillos' recovery for that defect. The doctrine of caveat emptor governs real property sales in Ohio and relieves a seller of the obligation to reveal every imperfection that might exist in a residential property. Layman v.Binns (1988), 35 Ohio St.3d 176, 177. Caveat emptor precludes recovery by a buyer of real estate where three conditions are satisfied: (1) the defective condition is open to observation or discoverable upon reasonable inspection; (2) the purchaser has had an unimpeded opportunity to examine the property; and (3) there has been no fraud on the part of the seller. Id.; Gentile v. Ristas, 160 Ohio App.3d 765,2005-Ohio-2197, at ¶ 50. The trial court determined that caveat emptor did not bar the Tanzillos' claim because the Edwards engaged in fraud by concealing the problem with the basement ceramic tile.
 {¶ 12} The elements of fraud are (1) a representation or, when there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) justifiable reliance on the representation or concealment, and (6) an injury proximately caused by that reliance. Id. at ¶ 51, citing Williams v. Aetna Fin. Co. (1998),83 Ohio St.3d 464, 475.
 {¶ 13} The evidence demonstrates that the Edwards knew there was a problem with the ceramic tile on the basement floor. The grout from the floor consistently crumbled and flaked shortly after the ceramic tile floor was installed. Mr. Edwards attempted to repair the grout in one small area. The Edwards took no further steps to repair the problem. Mrs. Edwards consistently swept up the flaking grout, concealing the problem from prospective purchasers. The Edwards never told Covan about the true nature and extent of the problem with the basement floor. Mrs. Edwards' vague statements about the basement floor were insufficient to put Covan on notice of any problem beyond the one small area of repair. Mrs. Edwards admitted that if she were purchasing the house, she would want to know about the problem with the basement floor. Given the Edwards' nondisclosure of the true nature and extent of the problem with the basement floor and their active concealment of the crumbling grout, the trial court's finding of fraud is supported by competent, credible evidence. Klasa v. Rogers, Cuyahoga App. No. 83374, 2004-Ohio-4490, at ¶ 22 (concealment of problem by painting walls of basement); Siebert v.Lalich, Cuyahoga App. No. 87272, 2006-Ohio-6274, at ¶ 36 (same). Therefore, the Edwards' first assignment of error is overruled.
 {¶ 14} In their second assignment of error, the Edwards contend that Covan breached his duties under R.C. 4735.67(A) by acting with reckless disregard for the truth when he failed to make further inquiry into the condition of the flooring. Again, we disagree.
 {¶ 15} R.C. 4735.67 governs a real estate agent's duty to disclose material facts regarding the physical condition of property. The statute, in pertinent part, provides that:
 [a] licensee shall disclose to any purchaser all material facts of which the licensee has actual knowledge pertaining to the physical condition of the property that the purchaser would not discover by a reasonably diligent inspection * * * For purposes of this division, actual knowledge of such material facts shall be inferred to the licensee if the licensee acts with reckless disregard for the truth.
 {¶ 16} Thus, a real estate agent has a statutory duty to disclose to the purchaser material facts pertaining to the physical condition of the property of which the agent has or should have knowledge. Actual knowledge is inferred to the agent if the agent acts with reckless disregard for the truth. Id. The meaning of "reckless disregard for the truth" is not defined in the statute, nor has it been defined by the courts for purposes of R.C. 4735.67. However, in the defamation context, a person acts with reckless disregard for the truth when the person acts with a high degree of awareness of the probable falsity of facts or with serious doubts as to the truth of the statements. See Jackson v.Columbus, Franklin App. No. 05AP-1035, 2006-Ohio-5209, at ¶ 12
(defamation claim).
 {¶ 17} The trial court found that Covan knew Mr. Edwards did some repair work to the grout in one small area of the basement floor and that Mrs. Edwards told him that the floor was "a mess" and "a problem." The court determined, however, that Covan did not act in reckless disregard for the truth by not inquiring further about the floor's condition. We note that the Edwards never disclosed to Covan the true nature and extent of the problem with the basement tile. Covan never saw anything wrong with the basement tile and never heard any complaints from prospective purchasers who toured the house. He knew that Mr. Edwards repaired the grout in one small area of the floor and he thought Mr. Edwards did a good job. Covan believed the repair was just a minimal maintenance problem that had been resolved. He had no reason to believe that there was a more fundamental problem with all the ceramic tile in the basement. Mrs. Edwards' vague statements about the floor were insufficient to cause him to inquire further into any flooring problems. The trial court's finding that Covan did not act with reckless disregard for the truth by failing to inquire further about the basement floor is supported by competent, credible evidence. Therefore, the Edwards' second assignment of error is overruled.
 {¶ 18} Finally, the Edwards contend in their third assignment of error that the trial court failed to impute Covan's knowledge about the basement floor to his principal, the Tanzillos. It is true that knowledge possessed by an agent will ordinarily be imputed to the principal. State ex rel. Nicodemus v. Indus. Comm. (1983),5 Ohio St.3d 58, 59-60. However, the trial court found that Covan was not aware of the nature and extent of the problem with the basement flooring and, therefore, he had no knowledge that could be imputed to the Tanzillos. We agree. Covan did not know the true nature and extent of the problem with the basement floor. Therefore, this information cannot be imputed to the Tanzillos. Thus, the trial court's refusal to impute knowledge to the Tanzillos is supported by competent, credible evidence. The Edwards' third assignment of error is overruled.
 {¶ 19} Having overruled the Edwards' three assignments of error, we affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
PETREE and TRAVIS, JJ., concur.