[Cite as *Pinewood Gardens Apts. v. Whiteside*, 2014-Ohio-2207.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| PINEWOOD GARDENS APARTMENTS | : | |
| | : | Appellate Case No. 25989 |
| | : | |
| Plaintiff-Appellant | : | Trial Court Case No. 13-CVG-725 |
| | : | |
| v. | : | |
| | : | (Civil Appeal from Montgomery County |
| BRITTINI WHITESIDE, et al. | : | Municipal Court-Eastern Division) |
| | : | |
| Defendants-Appellees | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 23rd day of May, 2014.

. . . . . . . . . .

LAURENCE A. LASKY, Atty. Reg. #0002939, Lasky and Scharrer, One First National Plaza, Suite 830, 130 West Second Street, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellant

BRITTINI WHITESIDE, 40 Pinewood Circle, Trotwood, Ohio 45426
    Defendant-Appellant, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Plaintiff-appellant Pinewood Gardens Apartments appeals from a judgment

against it on its claim for forcible entry and detainer, restitution of premises, and payment of rental monies owed. Pinewood contends that the trial court's decision is not supported by the evidence. Pinewood also contends that the trial court acted improperly when questioning its agent during trial.

{¶ 2} We conclude that the trial court did not abuse its discretion with regard to its questioning of Pinewood's agent. We further conclude that the judgment of the trial court is supported by the evidence in the record. Accordingly, the judgment of the trial court is Affirmed.

## I. The Lease

{¶ 3} Brittini Whiteside is a tenant of Pinewood, which provides Section 8 subsidized housing to individuals with low incomes. Whiteside's lease required her to pay rent of $101 per month. Due to an increase in her income, she was also under an obligation to make repayment of some of her housing assistance, in the amount of $162 per month. These amounts were due to Pinewood by the first of each month.

## II. The Course of Proceedings

{¶ 4} Pinewood brought this action in forcible entry and detainer, alleging that Whiteside had failed to make the requisite payments for July and August 2013. Khristi Elmore, manager for Pinewood, testified on behalf of Pinewood. Whiteside, acting pro se, appeared and testified on her own behalf.

{¶ 5} Elmore testified that Whiteside offered partial payment in July, but that it was

refused because Pinewood had a policy not to accept partial payments. Elmore further testified that a ten-day notification of lease termination was issued on August 6, 2013, when Whiteside failed to tender the required August payment. A three-day notice to leave the premises was issued on August 19. Elmore testified that on August 21, Whiteside tendered payment in the form of money orders, but the payments were returned to Whiteside. Elmore testified that on two prior occasions she had accepted payments from Whiteside even after giving notice to leave the premises. She further testified that she was instructed by her supervisors not to accept any monies from Whiteside, due to the pendency of a separate prior action involving both parties.

{¶ 6} The parties stipulated that the trial court could take judicial notice of the prior action that had been initiated by Pinewood against Whiteside in July 2013. That action was premised upon Pinewood's allegation that Whiteside failed to provide a new security deposit. The trial court held a bench trial in that action, and rendered a decision in favor of Whiteside on August 13, 2013.

{¶ 7} Whiteside testified that her July rent payment was not accepted due to the pendency of the action involving the security deposit. She further testified that on August 8, she attempted to speak with Elmore regarding the status of her case. She testified that she had a money order for $268, but Elmore would not accept it, because it was not full payment of both the July and August rent. She testified that she then received a three-day notice to vacate, so she put a letter with two money orders for the full amount into the Pinewood "drop box." Whiteside testified that the next morning Elmore and two of the maintenance men appeared at her door and returned the money orders.

{¶ 8} Following the hearing, the trial court found in favor of Whiteside, and dismissed

Pinewood's complaint with prejudice. The order required Whiteside to pay the July and August rent and reimbursement payments. Pinewood appeals.

### III. The Evidence in the Record Supports a Finding that Pinewood Rejected Elmore's Tendered Payments Because of Separate, Ongoing Litigation Between the Parties, Not Because the Payments Were Tendered Late

{¶ 9} Pinewood's First Assignment of Error states:

THE TRIAL COURT ERRED BY NOT GRANTING A WRIT OF

RESTITUTION AND DISMISSING APPELLANT'S COMPLAINT.

{¶ 10} Pinewood raises several issues in this assignment of error. Specifically, Pinewood argues that the trial court erred in finding that it had accepted late payments on two prior occasions during the three-day notice period. Pinewood next argues that the evidence shows that Whiteside did not present July's rent until August 8, 2013. Finally, Pinewood argues that the trial court "errantly makes up its own time requirements for the lease in question in this case by holding that the monthly payment is somehow due on August 16, 2013."

{¶ 11} We first address the claim that the trial court erred in finding that Pinewood had accepted Whiteside's late payments on two prior occasions. Pinewood claims that Whiteside testified that this occurred on only one occasion. Pinewood implies that the trial court erroneously found that Pinewood had a "pattern" of accepting late payments. Pinewood argues that a one-time acceptance of a late payment does not establish a pattern waiving Pinewood's right to seek eviction.

{¶ 12} A review of the record reveals that Pinewood's own agent, Elmore, testified that

she had been instructed by her supervisors, on "two occasions," to accept Whiteside's late payments tendered while a three-day notice to leave was pending. Furthermore, the trial court did not make any finding regarding a "pattern" of accepting late payments; it merely noted that there was evidence of two accepted late payments. However, the record does not suggest that the trial court made a finding that a pattern of accepted late payments constituted a waiver of Pinewood's right to pursue eviction.

{¶ 13} Next, we turn to the claim that the trial court set an arbitrary date for the payment of the rent. The trial court did note that the lease provided a five-day late payment grace period. The trial court found that Whiteside tendered full payment of rent, for both months, on August 21, five days after she and Pinewood received notice of the judgment in the prior case. However, the trial court did not base its ruling on this fact. Instead the trial court found that "[t]he timing problem in this case arises in part because of the landlord's refusal to accept payments while [the prior Forcible Entry and Detainer case was] pending. The landlord cannot now turn around and suggest that [Whiteside] is in breach because she didn't pay while the landlord was refusing to accept payment." Thus, the trial court's decision to render judgment in favor of Whiteside was not based upon a finding that payment was not due until August 21. This argument lacks merit.

{¶ 14} Finally, we address the claim that Whiteside did not present payment for July's rent until August. Elmore's testimony, as Pinewood asserts, was that Whiteside tendered the July rent payment on August 8, and that the payment was refused because it did not include the August payment. However, in the transcript Elmore admitted that Whiteside met with her in July. Elmore claims Whiteside only had tendered partial payment, which was why Elmore

refused to accept it, but she also admitted that she could not accept payments due to the ongoing litigation over the security deposit. Whiteside also testified that Elmore would not accept the July rent payment due to the ongoing suit involving the security deposit.

{¶ 15} Typically, "an appellate court should not disturb a trial court's findings of fact if the record contains competent, credible evidence to support those findings." *Johnson v. Albers*, 1st Dist. Hamilton No. C-110628, 2012-Ohio-1367, ¶ 17, citing *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus. The trial court was in the best position to resolve these credibility issues. "The 'rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *In re J.Y.*, 2d Dist. Miami No. 07-CA-35, 2008-Ohio-3485, ¶ 33, quoting *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984).

{¶ 16} The trial court was free to believe all, some, or none of the testimony of Elmore and Whiteside. In this case, Elmore's testimony corroborated Whiteside's claim that she attempted to make a payment in July. Elmore's testimony that she was instructed to refuse payment during the pendency of the other case also corroborates Whiteside's testimony. We conclude that the trial court did not abuse its discretion by crediting Whiteside's testimony over Elmore's with regard to the reason for Pinewood's refusal to accept the tendered July payment. Furthermore, we conclude that the record contains competent, credible evidence supporting the trial court's findings that the July and August payments were not made or accepted due to Pinewood's refusal to accept payment during the pendency of the security deposit litigation.

{¶ 17}   A landlord is not required to accept late payments from a tenant.   But in the case before us, the trial court could have determined from the evidence before it that the full July payment was timely tendered, but was rejected due to the ongoing litigation.   And the trial court could have concluded that Whiteside was not at fault in failing to tender the August payment in a timely manner because of Pinewood's policy of not accepting payment during the pendency of the prior litigation, which would have made Whiteside's tender of payment a vain act.   The trial court could further find that as soon as the litigation was over Whiteside tendered both the July and August payments.

{¶ 18}   The First Assignment of Error is overruled.

**IV.   The Record Does Not Support Pinewood's Contention that the Trial Court, in Questioning its Witness, Acted in other than a Fair and Impartial Manner**

{¶ 19}   Pinewood's Second Assignment of Error is as follows:

THE TRIAL COURT ERRED BY ACTING AS AN ADVOCATE AT TRIAL.

{¶ 20}   Pinewood's Second Assignment of Error asserts that in examining its agent, Khristi Elmore, the trial court was acting as an advocate for Whiteside.   Pinewood contends that the "trial court overstepped its bounds when questioning [appellant's agent, Khristi Elmore]. The line of questioning by the trial court was not impartial under the circumstances.   The evidence was clear that [Whiteside] had not attempted to tender full payment in a timely manner.   The questions by the trial court levied against [Elmore] were moot and unnecessary and only gave the trial court an invalid reason to dismiss the complaint."   In support, Pinewood cites to the transcript of the hearing wherein the trial court asked the following:

THE COURT: The Court has an inquiry.

THE PLAINTIFF: Yes your honor.

THE COURT: Ma'am you were here for the previous case. Is that correct?

A: Yes.

THE COURT: If you recall when was the previous action filed?

A: I can't recall.

THE COURT: Do you remember what month?

A: It had to be towards July.

THE PLAINTIFF: Your honor I'm gonna object if I may for the court asking her off hand when that other case was filed. The case is sent to me, I filed it and I would ask the court respectfully to take judicial notice of it. If the court wants to get the file and show it to her.

THE COURT: Any objection to me taking judicial notice of the other file? I'll do that Mr. Lasky. While the case is pending with you are you under instructions from your supervisors and/or your supervisors attorney not to accept payments while litigation is pending?

A: Correct.

{¶ 21} A trial court "may interrogate witnesses, in an impartial manner, whether called by itself or by a party." Evid.R. 614(B). " '[I]n the absence of any showing of bias, prejudice, or prodding of a witness to elicit partisan testimony,' we presume that trial courts act [with] impartiality by asking questions from the bench, to learn material facts or develop the truth."

*Easterling v. Easterling*, 2d Dist. Montgomery No. 18523, 2001 WL 369734, * 2 (April 13, 2001), quoting *Jenkins v. Clark*, 7 Ohio App.3d 93, 97, 454 N.E.2d 541 (2d Dist.1982). "Further, during a bench trial, a trial court enjoys even greater freedom in questioning witnesses because the court cannot prejudicially influence a jury with its questions or demeanor." *Brothers v. Morrone-O'Keefe Dev. Co.*, 10th Dist. Franklin No. 05AP-161, 2006-Ohio-1160, ¶ 11. "A trial court's questioning of a witness is not deemed partial for purposes of Evid.R. 614(B) merely because the evidence elicited during the interrogation was damaging to one of the parties." *Klasa v. Rogers*, 8th Dist. Cuyahoga No. 83374, 2004-Ohio-4490, ¶ 32. We review a trial court's questions under an abuse of discretion standard. *State v. Johnson*, 10th Dist. No. 03AP-1103, 2004-Ohio-4842, ¶ 10.

**{¶ 22}** During Pinewood's case in chief, Elmore opened the door regarding the prior case when she said she did not serve a notice regarding the July rent because there was still litigation pending from a prior case. The trial court merely asked for clarification regarding the timing of that litigation, which was relevant to the issue of Pinewood's refusal to accept payments during the pendency of that case. We find no abuse of discretion, or indication that the trial court was acting in other than a fair and impartial manner.

**{¶ 23}** The Second Assignment of Error is overruled.

## V. Conclusion

**{¶ 24}** Both of Pinewood's assignments of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Laurence A. Lasky
Brittiny Whiteside
Hon. James L. Manning