OPINION
{¶ 1} Plaintiffs-appellants, John A. and Paula Brothers, appeal from a judgment of the Franklin County Court of Common Pleas in favor of defendant-appellee, Morrone-O'Keefe Development Company, LLC ("Morrone-O'Keefe"), on their claims for fraud, fraudulent misrepresentation, and negligent misrepresentation. For the following reasons, we affirm in part, reverse in part, and remand.
 {¶ 2} Morrone-O'Keefe is the developer of the Marble Cliff Crossing subdivision. In 2000, the Brothers became interested in building a custom home in that subdivision. To that end, they met multiple times with Joseph Morrone, co-owner of Morrone-O'Keefe, to view available lots in Phase II of the subdivision. At trial, John Brothers testified that he and his wife wanted a lot large enough to accommodate a virtual replica of the house their friends, the Secrests, had already built in Phase I of the subdivision. According to John Brothers, Morrone assured him and his wife that the lot they ultimately chose could fit the house the Brothers wanted to build. However, after the Brothers purchased the lot, Morrone and Gary Wallace, the builder the Brothers hired to construct their house, informed the Brothers that their desired house could not fit on the lot due to the existence of a sanitary sewer easement. Morrone suggested that the Brothers switch to another lot. The Brothers agreed because, as John Brothers testified, Morrone and Wallace promised that the second lot would accommodate their house without encroaching on the sanitary sewer easement. Despite these alleged promises, the Brothers soon discovered that they would have to modify their house plans in order to avoid building on the sanitary sewer easement. Exasperated, the Brothers refused to build the house and demanded the return of their lot's purchase price.
 {¶ 3} On July 10, 2001, the Brothers brought suit against Morrone-O'Keefe for fraudulent misrepresentation, negligent misrepresentation, mutual mistake,[1] and fraud. After a bench trial, the trial court entered judgment on all counts in favor of Morrone-O'Keefe. With regard to the Brothers' negligent misrepresentation claim, the trial court made the following conclusions of law:
Plaintiffs did not proffer clear and convincing evidence that Morrone-O'Keefe supplied false information for the guidance of the Plaintiffs with respect to their purchase of Lot 90.
Assuming aguendo that Morrone-O'Keefe did supply false information to Plaintiffs, Plaintiffs would still be barred from recovery as the evidence clearly demonstrates that Plaintiffs did not rely on any alleged representations of Morrone-O'Keefe or its agents that the proposed home would properly fit within Lot 90. Besides, any reliance is not justifiable since Plaintiffs failed to reasonably investigate the circumstances themselves, which they clearly had the opportunity to do.
Based on the foregoing, Plaintiffs failed to establish the requisite elements of a negligent misrepresentation claim and, therefore, such claim must be dismissed.
(Decision and Entry, at 39.)
 {¶ 4} The Brothers now appeal from the trial court's January 19, 2005 judgment and assign the following errors:
[1.] The Trial Court erred in applying the clear and convincing evidence standard of proof to the Brothers' negligent misrepresentation claims.
[2.] The Trial Court erred in improperly applying the law on justifiable reliance.
[3.] The Trial Court abused its discretion in prohibiting the Brothers from calling Mr. Turner as a rebuttal witness.
[4.] The Trial Court abused its discretion and committed prejudicial error when it unfairly cross-examined Mr. Brothers.
 {¶ 5} We will review the Brothers' assignments of error out of order, beginning with their third assignment of error. By that assignment of error, the Brothers argue that the trial court erred in excluding rebuttal testimony regarding the depth of the Secrests' house. We disagree.
 {¶ 6} Rebuttal testimony is testimony that is "given to explain, refute, or disprove new facts introduced into evidence by the adverse party; it becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by such evidence." State v. McNeill (1998), 83 Ohio St.3d 438,446. Generally, the admission of rebuttal testimony is a matter within the trial court's discretion, and a decision admitting or excluding such testimony will not be reversed absent an abuse of that discretion. Id.; Steffy v. Blevins, Franklin App. No. 02AP-1278, 2003-Ohio-6443, at ¶ 23. However, a trial court's discretion over the admission of rebuttal testimony is not absolute. Rather, "[a] party has an unconditional right to present rebuttal testimony on matters which are first addressed in an opponent's case-in-chief and should not be brought in the rebutting party's case-in-chief." Phung v. Waste Mgt., Inc.
(1994), 71 Ohio St.3d 408, 410. Thus, a party possesses an unconditional right to present rebuttal testimony if: (1) the evidence is not cumulative; (2) the evidence would not be appropriate for the party's case-in-chief; and (3) the evidence is first addressed in the opponent's case-in-chief. Lucas,Prendergast, Albright, Gibson, Newman v. Zschach (Sept. 12, 1996), Franklin App. No. 95APE12-1663; Lawson v. Bd. of Edn. ofthe Columbus City School Dist. (Aug. 1, 1996), Franklin App. No. 95APE11-1505.
 {¶ 7} In the case at bar, the Brothers argue that they had an unconditional right to call Jerry Turner as a rebuttal witness and the trial court erred in refusing to allow Turner to testify. According to the proffer of Turner's testimony, he would have testified that he had personally measured the depth of the Secrests' house and determined that the house was 77 feet and four inches deep. When offering Turner as a rebuttal witness, the Brothers' attorney maintained that this testimony would refute the testimony of Edward Queen, a witness Morrone-O'Keefe called during its case-in-chief. During his testimony, Queen stated that the house plans that John Brothers identified as plans for the Secrests' house actually depicted another, similar house. On cross-examination, Queen stated that the Secrests' house was a variation of the house depicted in the plans and that the depth of the house depicted in the plans was similar to the Secrests' house.
 {¶ 8} Given the state of the record, we conclude that the Brothers did not have an unconditional right to introduce Turner's testimony. First, Turner's proffered testimony did not rebut, explain, refute, or disprove any fact to which Queen testified. Rather, Turner's proffered testimony served merely to emphasize a fact not in dispute — that the depth of the Secrests' house was approximately 77 feet. Second, evidence regarding the depth of the Secrests' house was appropriate evidence for the Brothers' case-in-chief, and, in fact, was offered by John Brothers himself. Accordingly, we overrule the Brothers' third assignment of error.
 {¶ 9} By their fourth assignment of error, the Brothers argue that the trial court erred in assuming the role of an advocate when it questioned John Brothers. We disagree.
 {¶ 10} Pursuant to Evid.R. 614(B), a trial court "may interrogate witnesses, in an impartial manner, whether called by itself or by a party." Because Evid.R. 614(B) imbues trial courts with the discretion to decide whether or not to question a witness, appellate courts must review any questioning by a trial court under the abuse of discretion standard. State v. Johnson,
Franklin App. No. 03AP-1103, 2004-Ohio-4842, at ¶ 10.
 {¶ 11} A trial court has an obligation to control the proceedings before it, to clarify ambiguities, and to take steps to ensure substantial justice. State v. Stadmire, Cuyahoga App. No. 81188, 2003-Ohio-873, at ¶ 26, quoting State v. Kay (1967),12 Ohio App.2d 38, 49. Thus, a trial court should not hesitate to pose pertinent and even-handed questions to witnesses. Klasa v.Rogers, Cuyahoga App. No. 83374, 2004-Ohio-4490, at ¶ 32. Further, during a bench trial, a trial court enjoys even greater freedom in questioning witnesses because the court cannot prejudicially influence a jury with its questions or demeanor. Id.; see, also, State v. Sloan, Belmont App. No. 04 BA 47,2005-Ohio-2932, at ¶ 14; Stadmire, supra, at ¶ 28; State v.Daugherty, Trumball App. No. 2001-T-0024, 2002-Ohio-1183;Vermeer of Southern Ohio, Inc. v. Agro Constr. Co., Inc.
(2001), 144 Ohio App.3d 271, 276.
 {¶ 12} A trial court's ability to question a witness is restrained by the requirement in Evid.R. 614(B) that the court must question impartially. However, absent "`any showing of bias, prejudice, or prodding of a witness to elicit partisan testimony, it will be presumed that the trial court acted with impartiality [in propounding to the witness questions from the bench] in attempting to ascertain a material fact or to develop the truth.'" State v. Baston, 85 Ohio St.3d 418, 426,1999-Ohio-280, quoting Jenkins v. Clark (1982),7 Ohio App.3d 93, 98. A trial court's questioning of a witness is not impartial merely because it elicits evidence that is damaging to one of the parties. Klasa, supra, at ¶ 32; In the Matter of Nibert,
Gallia App. No. 03CA19, 2004-Ohio-429, at ¶ 8.
 {¶ 13} In the case at bar, the trial court questioned John Brothers regarding two issues. First, the trial court inquired whether Brothers received title insurance when he and his wife purchased the lot. Second, the trial court asked Brothers to clarify which of Morrone's statements Brothers believed were false and made with an intent to deceive him. In order to ensure that Brothers understood this second question, the trial court engaged in a lengthy explanation, ending with:
I am not trying to make this difficult, but what you described to me in the last couple of days is that there were representations, I don't know how many times, that we had meeting after meeting after meeting, conversations, faxes and so forth. And I want you to tell me which one of these was false with the intent to defraud you. Can you tell me?
(Tr. at 443-444.) The trial court then allowed Brothers to testify extensively regarding the instances in which he believed Morrone had made false statements with an intent to deceive Brothers.
 {¶ 14} We cannot find, and the Brothers do not identify, any instance during the trial court's questioning where the court displayed bias or prejudice, or where the court prodded Brothers to elicit partisan testimony. Although the trial court did engage in a lengthy explanation of one line of questioning, no part of the explanation contains advocacy favoring Morrone-O'Keefe. Further, that the trial court's questioning elicited damaging testimony does not impinge upon the impartiality with which the trial court asked its questions. Finally, contrary to the Brothers' assertion, the fact that the trial court did not also question Morrone is not relevant to whether the trial court displayed partiality in questioning Brothers.
 {¶ 15} Accordingly, we overrule the Brothers' fourth assignment of error.
 {¶ 16} By their first assignment of error, the Brothers argue that the trial court used the wrong burden of proof when considering the evidence and concluding that they failed to prove their negligent misrepresentation claim. We agree.
 {¶ 17} A determination of the burden of proof is a question of law. Acuity, Inc. v. Trimat Constr., Gallia App. No. 05CA2,2005-Ohio-6128, at ¶ 17. Appellate courts review questions of law under the de novo standard. Cleveland Elec. Illuminating Co. v.Pub. Utilities Comm. (1996), 76 Ohio St.3d 521, 523.
 {¶ 18} The Supreme Court of Ohio first recognized the tort of negligent misrepresentation in Haddon View Invest. Co. v.Coopers Lybrand (1982), 70 Ohio St.2d 154. To define the new cause of action, the court adopted Section 552 of the Restatement of the Law 2d, Torts (1965), which provides in relevant part:
One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
 {¶ 19} Since deciding Haddon View, the Supreme Court has continued to treat negligent misrepresentation as a viable tort claim, but it has never specified the standard of proof a fact finder must apply to such a claim. See, e.g., Corporex Dev. Constr. Mgt., Inc. v. Shook, Inc., 106 Ohio St.3d 412,2005-Ohio-5409, at ¶ 7, 9; Gutter v. Dow Jones, Inc. (1986),22 Ohio St.3d 286, 288-289. A standard, or burden, of proof is a composite burden requiring the party on whom it rests to "go forward" with the evidence (the "burden of production") and to convince the trier of fact by some quantum of evidence (the "burden of persuasion"). Chari v. Vore, 91 Ohio St.3d 323, 326,2001-Ohio-49. Here, we are concerned with the latter burden — the burden "to persuade the trier of fact that the alleged fact is true by such quantum of evidence as the law demands." State v.Robinson (1976), 47 Ohio St.2d 103, 107.
 {¶ 20} In most civil cases, the law mandates the application of the preponderance of the evidence standard of proof to all elements of a cause of action. 1 Gianneilli Snyder, Evidence (1994) 142, Section 301.3. Indeed, before finding in a party's favor on a negligence claim, a fact finder must be persuaded of each element of the claim by a preponderance of the evidence.Whiting v. Ohio Dept. of Mental Health (2001),141 Ohio App.3d 198, 202. Because liability for negligent misrepresentation arises from a tortfeasor's negligence in obtaining or communicating information,[2] we conclude that the fact finder must use the standard applied to negligence claims to decide negligent misrepresentation claims. In support of this conclusion, we note that other jurisdictions that have adopted Section 552 of the Restatement also apply the preponderance of the evidence standard to negligent misrepresentation claims. SeeFort Washington Resources, Inc. v. Tannen (E.D.Pa. 1994),858 F.Supp. 455, 461 (negligent misrepresentation "differs from fraudulent misrepresentation in the standard of proof * * *; only a preponderance of the evidence is required * * *."); LandmarkBank v. McGlinn (E.D.Mo. 1988), 684 F.Supp. 1500, 1505 ("the plaintiff must establish by a preponderance of the evidence the * * * elements in a cause of action for negligent misrepresentation * * *."); Verschoor v. Mountain West Farm Bur. Mut. Ins. Co.
(Wyo. 1995), 907 P.2d 1293, 1299 ("A Wyoming plaintiff must prove negligent misrepresentation by a preponderance of the evidence, not unlike any other plaintiff in any other action sounding in negligence."); State ex rel. Nichols v. Safeco Ins. Co. (1983),100 N.M. 440, 671 P.2d 1151, 1154 ("The degree of proof required of a party asserting negligent misrepresentation is a preponderance of the evidence."); Hughes v. Holt (1981),140 Vt. 38, 435 A.2d 687, 689 (negligent misrepresentation "requires only the evidentiary burden usual in negligence, that of a preponderance of the evidence, since fraud is not involved").
 {¶ 21} In the case at bar, the trial court did not apply the preponderance of the evidence standard in finding that the Brothers failed to prove their negligent misrepresentation claim. Rather, the trial court used the clear and convincing evidence standard. "Clear and convincing evidence" is a measure of proof that is more than a mere "preponderance of the evidence." Crossv. Ledford (1954), 161 Ohio St. 469, 477. As the trial court improperly applied a higher burden of proof than the law requires in deciding the Brothers' negligent misrepresentation claim, the trial court erred in its resolution of that claim.
 {¶ 22} Morrone-O'Keefe, however, invites this court to correct the trial court's error by applying the preponderance of the evidence standard to the trial court's findings of fact. What Morrone-O'Keefe urges this court to do is nothing less than to act as a substitute for the trial court; to weigh the facts and determine whether they are sufficiently persuasive to prove liability. This is not our role in the judicial process. SutphenTowers, Inc. v. PPG Industries, Inc., Franklin App. No. 05AP-109, 2005-Ohio-6207, at ¶ 39 ("[Q]uestions regarding the weight of the evidence and the credibility of the witnesses are to be determined by the trier of fact."); Horton v. Ohio Dept.of Rehab. Corr., Franklin App. No. 05AP-198, 2005-Ohio-4785, at ¶ 15 ("[T]he weight to be given the evidence and the credibility of witnesses are determinations within the province of the fact finder.").
 {¶ 23} Alternatively, Morrone-O'Keefe argues that the trial court found that it, the party without the burden of proof, proved the absence of justifiable reliance by clear and convincing evidence. Thus, Morrone-O'Keefe maintains that this court can infer that the trial court found that the Brothers did not prove the existence of justifiable reliance by a preponderance of the evidence. We do not interpret the trial court's decision in such a manner. As we stated above, the trial court stated that "the evidence clearly demonstrates that Plaintiffs did not rely on any alleged representations * * *." (Decision and Entry, at 39.) We interpret this sentence to mean that, when the trial court viewed the evidence under the clear and convincing evidence standard, it found that the evidence "clearly" did not constitute the quantum of evidence necessary to prove justifiable reliance. However, failure to reach the clear and convincing standard is not determinative of whether the weight of the evidence is persuasive enough to reach the lesser preponderance of the evidence standard.
 {¶ 24} Accordingly, we sustain the Brothers' first assignment of error.
 {¶ 25} By the Brothers' second assignment of error, they argue that the trial court erred in concluding that their reliance upon Morrone's statements was not justified. To the extent that this assignment of error relates to the Brothers' negligent misrepresentation claim, it is moot due to our resolution of the first assignment of error. To the extent that this assignment of error relates to the Brothers' fraud and fraudulent misrepresentation claims, we find that the alleged error is harmless error.
 {¶ 26} A trial court's error only provides a basis for reversal if the error affects a substantial right of the complaining party. Civ.R. 61. When avoidance of the error would not have changed the outcome of the proceedings, then the error neither materially prejudices the complaining party nor affects a substantial right of the complaining party. Fada v. InformationSys. Networks Corp. (1994), 98 Ohio App.3d 785, 792. Here, the trial court concluded that the Brothers did not satisfy any element of their fraud-based claims, but the Brothers only asserted error with regard to the justifiable reliance element. In order to prevail on their fraud-based claims, the Brothers must succeed on each element of their claims. Even if the trial court committed the alleged error, the Brothers would only succeed on one element, not the entirety, of their claims. Consequently, avoidance of the alleged error would not change the ultimate outcome — judgment in Morrone-O'Keefe's favor on the fraud-based claims.
 {¶ 27} Accordingly, we overrule the Brothers' second assignment of error.
 {¶ 28} Finally, we note that "[u]pon remand from an appellate court, the lower court is required to proceed from the point at which the error occurred." State ex rel. Stevenson v. Murray
(1982), 69 Ohio St.2d 112, 113. See, also, Flynn v. Flynn,
Franklin App. No. 03AP-612, 2004-Ohio-3881, at ¶ 16 ("[R]emand for further proceedings should not be interpreted as a remand for further hearings where no further hearings would have been required from the point of error further."). (Emphasis sic.) Here, because the only error found occurred in the trial court's decision-making process, we must remand for the trial court to reconsider the evidence and reach a new decision. Based upon the point of error, the Brothers are not entitled to a new trial.
 {¶ 29} For the foregoing reasons, we sustain the Brothers' first assignment of error and overrule their second, third, and fourth assignments of error. We overrule the second assignment of error because, with regard to the negligent misrepresentation claim, it is moot. We affirm in part and reverse in part the judgment of the Franklin County Court of Common Pleas, and we remand for further proceedings consistent with law and this opinion.
Judgment affirmed in part; reversed in part; and causeremanded.
Brown and McGrath, JJ., concur.
[1] The Brothers dismissed their "claim" for mutual mistake prior to trial.
[2] "[T]he rule of liability stated in [Section 552] is based upon negligence * * *." Restatement of the Law 2d, Torts (1965), 130, Section 552(1), Comment e.