[Cite as *Rose v. Ohio Rehab. Servs. Comm.*, 2010-Ohio-852.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us


CARL J. ROSE

   Plaintiff

   v.

OHIO REHABILITATION SERVICES COMMISSION

   Defendant
   Case No. 2007-01509

Judge Joseph T. Clark

DECISION


{¶ 1} Plaintiff brought this action alleging negligence. The issues of liability and damages were not bifurcated and the case proceeded to trial on both issues.

{¶ 2} Defendant is a state agency that is composed of three bureaus: 1) the bureau of vocational rehabilitation (BVR), which provides vocational rehabilitation services to individuals with nonvisual disabilities; 2) the bureau of services for the visually impaired (BSVI), which provides such services to individuals who are legally blind and/or visually impaired; and 3) the bureau of disability determination (BDD), which makes determinations on all claims for social security disability insurance benefits and supplemental security income payments.[1]

{¶ 3} Plaintiff first contacted BSVI in 1998, when he began to lose sight in his

---

[1]Defendant is the sole state agency designated to administer the plan under the Rehabilitation Act of 1973, 87 Stat. 355.29 U.S.C. 701, as amended. See Ohio Admin.Code 3304-1-01.

right eye.[2]   Initially, plaintiff sought assistance to remain employed as a chemical engineer for Columbia Gas.  He was assigned to caseworker Meredith Brown.  Plaintiff subsequently suffered additional health problems and eventually left his employment with Columbia Gas.  In 1999, plaintiff successfully underwent a kidney and pancreas transplant.  After his recovery, plaintiff decided to enroll in law school.  During law school, plaintiff remained on Brown's caseload and she helped him obtain both reading assistants and transportation.

{¶ 4}  In November 2004, plaintiff began the private practice of law in an office that he shared with one other attorney.  In February 2005, his office assistant resigned.  Plaintiff contacted Brown and informed her that he needed to hire an assistant for his law office who would have the special skills required to assist a blind person.

{¶ 5}  Brown consulted with her co-worker, Melissa Walsh, who stated that one of the clients on her BVR caseload might be a good fit for the assistant position.  Walsh informed plaintiff that an individual named Nancy Haylor had experience working with the blind.  Walsh gave plaintiff Haylor's contact information and the names of her references.  Plaintiff interviewed Haylor and hired her shortly thereafter.  As part of her duties, Haylor was authorized by plaintiff to write checks from his law office account.

{¶ 6}  In November 2006, plaintiff discovered that Haylor had embezzled approximately $22,000 from his law office account.  At that time, he also learned that Haylor had been convicted of theft from her prior employer, Holiday Inn, before she began to work for him.

{¶ 7}  Plaintiff asserts that defendant breached its duty of care to him when it recommended Haylor for employment but had not conducted a criminal background check on her.  Plaintiff asserts that defendant knew or should have known that the position that Haylor applied for was a position of trust and would include writing checks and having access to his bank account.

{¶ 8}  Defendant asserts that it owed no duty to plaintiff to conduct a criminal background check on Haylor; that it made no representation that it had or would conduct such a check; and that it was plaintiff's duty to thoroughly check Haylor's references and conduct a criminal background check before he hired her and gave her

---

[2]At trial, plaintiff testified that he has no sight in his right eye and that he has 20/600 vision in his

unrestricted access to his bank account.

{¶ 9} Plaintiff testified that when he spoke to Walsh, she told him that Haylor had worked as an assistant for Heather Reich, a professor who was blind. Plaintiff stated that before he interviewed Haylor he was aware that she had once worked for the local Holiday Inn.

{¶ 10} Prior to the interview, plaintiff contacted Haylor, who informed him that she had some accounting experience. Plaintiff also contacted Chuck Reich, Heather's widower, who simply stated that Haylor was late to work sometimes. Plaintiff testified that he did not conduct a criminal background check on Haylor and that he did not contact the Holiday Inn about her previous employment. Plaintiff stated that Haylor was a good worker and that he relied on her good references, including a pastor who stated that Haylor was in charge of the Meals for the Homeless program at his church. Plaintiff testified, in that defendant had recommended her, there did not seem to be any reason for him to conduct a criminal background check on Haylor.

{¶ 11} Plaintiff further stated that he allowed Haylor to write checks for him; that he did not independently review the activity in his bank account or have anyone else review it during the 18 months that Haylor worked for him; and that he discovered the theft when his accountant reviewed his financial data for tax purposes. Plaintiff further testified that it took him "two minutes" to find the record of Haylor's theft conviction on the common pleas court docket. Plaintiff testified that he has sustained $22,478 in financial losses from Haylor's theft.

{¶ 12} Plaintiff admitted that he never discussed with either Walsh or Brown whether defendant would conduct or had conducted a criminal background check on Haylor.

{¶ 13} Brown testified that it was her duty as a vocational rehabilitation counselor to assist clients in obtaining competitive employment, and that she usually worked with non-profit agencies such as Goodwill Industries to achieve that. Brown testified that defendant is not an employment agency, but that sometimes it becomes aware of available jobs.

---

left eye; he cannot read a computer screen or any printed material.

{¶ 14} Brown stated that defendant had no policy in place that required a criminal background check on BVR clients, but that she was allowed to conduct one if a placement required it; however, she described the need to conduct a criminal background check as a "rare occurrence." Brown stated that at the time Haylor's name was referred to plaintiff, she was not aware that Haylor had been convicted of theft.

{¶ 15} Walsh testified that she did not know that Haylor had been convicted of theft, and that if she had known, she would not have recommended her to plaintiff. Walsh further stated that if it were a "best practice" or procedure of defendant to conduct criminal background checks, she would have conducted one on Haylor.

{¶ 16} In order for plaintiff to prevail upon his claim of negligence, he must prove by a preponderance of the evidence that defendant owed him a duty, that defendant's acts or omissions resulted in a breach of that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.*, 99 Ohio St.3d 79, 81, 2003-Ohio-2573, citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77.

{¶ 17} Plaintiff asserts that defendant's duty of care is set forth in Ohio Adm.Code 3304-2-55(A), which states: "RSC staff shall provide counseling and guidance, including information and support services to assist an individual in exercising informed choice. It includes personal adjustment counseling and vocational counseling, to maintain a counseling relationship throughout the rehabilitation process. RSC shall provide referral to other programs when necessary to help the person secure needed services from other agencies."

{¶ 18} The court finds that no provision in the Ohio Administrative Code requires defendant to perform criminal background checks on its consumers. Therefore, the court finds that defendant had no duty to perform a criminal background check on Haylor.[3]

{¶ 19} Furthermore, the court finds that defendant exercised ordinary care when it recommended Haylor to plaintiff for an employment interview, and that it was plaintiff

---

[3]The court notes that there was no employment relationship between Haylor and defendant. However, even when claims for negligent hiring and retention are asserted, there exists no duty under Ohio law for an employer to conduct a criminal background check on a potential employee. See *Rozzi v. Star Personnel Services Inc.*, Butler App. No. CA2006-07-162, 2007-Ohio-2555, ¶11. (Additional citations omitted.)

who failed to exercise such care when he did not fully investigate Haylor's employment references prior to hiring her. The court notes that plaintiff knew that Haylor had worked for the local Holiday Inn, but that he did not contact anyone at the Holiday Inn for the purpose of getting a recommendation. Assuming, arguendo, that defendant breached any duty of care it owed to plaintiff, the court finds that plaintiff's failure of ordinary care when hiring Haylor exceeded any failure on defendant's part.

{¶ 20} Finally, plaintiff does not allege that Brown or Walsh advised him that they had or would conduct a criminal background check on Haylor, or that it was defendant's policy to do so. Thus, to the extent that plaintiff alleges a claim of negligent misrepresentation, the court finds that plaintiff has failed to establish a prima facie case.[4]

{¶ 21} For the foregoing reasons, the court finds that plaintiff has failed to prove any of his claims by a preponderance of the evidence and, accordingly, judgment shall be rendered in favor of defendant.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CARL J. ROSE

    Plaintiff

    v.

---

[4]To state a claim for negligent misrepresentation, a plaintiff must show that: "'one, who in the course of his business, profession or employment, * * * *supplies false information for the guidance of others* in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.'" (Emphasis added.) *Brothers v. Morrone-O'Keefe Development Co.*, Franklin App. No. 05AP-161, 2006-Ohio-1160, ¶18, quoting Section 552 of the Restatement of the Law 2d, Torts (1965).

OHIO REHABILITATION SERVICES COMMISSION

      Defendant
      Case No. 2007-01509

Judge Joseph T. Clark

<u>JUDGMENT ENTRY</u>


This case was tried to the court on the issues of liability and damages. The court has considered the evidence and, for the reasons set forth in the decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

                                _____
                                JOSEPH T. CLARK
                                Judge

cc:

Stephanie D. Pestello-Sharf         William P. Lang
Assistant Attorney General           1300 West Ninth Street, #1301
150 East Gay Street, 18th Floor      Cleveland, Ohio 44113
Columbus, Ohio 43215-3130

HTS/cmd
Filed February 5, 2010
To S.C. reporter March 3, 2010